IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01668-DDD-SBP

COMMITTEE OF FIVE, INC. d/b/a XX-XY ATHLETICS,

Plaintiff,

v.

AUBREY C. SULLIVAN, et al.,

Defendants.

## CCRD AND COMMISSION DEFENDANTS' DISCOVERY REQUESTS

Defendants Aubrey Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly, and Eric Artis ("CCRD and Commission Defendants"), in their official capacities, by and through their attorneys of record, hereby serve this set of Discovery Requests to Plaintiffs pursuant to Fed. R. Civ. P. 26, 33 and 34.

### INSTRUCTIONS

1.  A copy of written answers and objections to the following discovery requests shall be served upon CCRD and Commission Defendants' counsel of record, no later than the date provided in the Court's Order Granting CCRD and Commission Defendants' Motion for Limited Expedited and Jurisdictional Discovery.

2.  Please respond to each Request fully and separately, setting forth the

**Defendants' Exhibit A**

text of each immediately prior to your response.

3. These Requests are of a continuing nature so as to require supplemental responses as additional responsive information is discovered or becomes available.

4. Any objection must state with specificity the grounds for objection to the particular Request and must also state whether any responsive information is being withheld on the basis of that objection. If objection is made to part of a Request, that part shall be specified. Any ground not stated in a timely objection will be deemed waived unless your failure to object is excused for good cause shown. When a response contains both privileged and non-privileged information, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.

5. If a claim of privilege or work product is asserted concerning any documents for which identification or production is requested, provide the following: (1) the date of the document; (2) its subject matter; (3) the type of document (e.g. letter, memo, report, minutes and the like); (4) the identities of each person(s) who prepared, authored, received, viewed, or has had possession, custody, or control of the document since it was created and; (5) the privilege claimed and the basis therefore; (6) any further information necessary to assess the applicability of the privilege or immunity; and (7) the information required by Federal Rule of Civil

**Defendants' Exhibit A**

Case No. 1:25-cv-01668-DDD-SBP   Document 32-1   filed 07/03/25   USDC Colorado
pg 3 of 8

Procedure 26(b)(5).

6. If any documents for which identification is requested have been lost and/or are no longer in existence, provide the following: (1) the date of the document; (2) its subject matter; (3) the type of document (e.g. letter, memo, report, minutes, and the like); (4) the identities of all persons who prepared, authored, received, viewed, or has had possession, custody or control of the document since it was created; (5) the identities of all persons who had a copy of the document; and (6) an explanation as to why the document is no longer in your possession.

7. To the extent the option to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d) is invoked, specify the business records in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

8. Answers to Interrogatories are to be signed by the person so answering under oath and as required by law, and the objections, if any, shall be signed by the attorney making them.

9. If you cannot answer any Request in full, answer to the extent possible and explain why you cannot answer the remainder of the Request. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each," or "every," the

intended meaning is inclusive rather than exclusive.

10. If you find the meaning of any term in these Requests to be unclear, then you should assume a reasonable meaning, identify that assumed meaning, and respond to the Requests on the basis of that assumed meaning. In order to avoid unnecessary delays and discovery disputes, please seek clarification of any request from CCRD and Commission Defendants' counsel as soon as possible if you consider any request to be vague, ambiguous, or overly burdensome. CCRD and Commission Defendants' counsel stands willing to confer regarding any request and to clarify it, if necessary. Similarly, if you believe you require additional time to adequately respond to these requests, please confer with CCRD and Commission Defendants' counsel as soon as possible.

11. These discovery requests are continuing in nature. You have a duty to amend your responses to these discovery requests if you learn that your prior responses are incomplete or incorrect in some material respect and if the additional or corrective information has not otherwise been made known to CCRD and Commission Defendants during the discovery process or in writing. See Fed. R. Civ. P. 26(e).

## **DEFINITIONS**

12. The connectives "and" and "or" shall be construed either conjunctively or disjunctively whenever appropriate in order to bring within the scope of these

Defendants' Exhibit A

Interrogatories and Requests for Production all responsive facts and documents which might otherwise be construed to be outside of their scope.

13. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these Interrogatories and Requests for Production, which might otherwise be construed to be outside of their scope.

14. "Document" or "documentation" shall mean any handwritten, typewritten, printed, recorded, or graphic material in any form, including originals, copies, and drafts, including without limitation, any correspondence, minutes of meetings, written memoranda or communications, e-mail, text messages, social media posts, transcripts of testimony, studies, reports, notes, notebooks, telephone message slips, diaries, computer diskettes or printouts, contracts, work papers, books, bookkeeping entries, bills, invoices, calendar entries, microfilm or microfiche, together with all other items which are subject to request for production pursuant to the Federal Rules of Civil Procedure.

15. "You" or "Your" shall include and refer to, in addition to Plaintiff, XX-XY Athletics, all agents, servants, employees, representatives, officers, governing boards or committees, and others who are in possession of or who may have obtained information for or on behalf of Plaintiff.

Defendants' Exhibit A

## INTERROGATORIES

INTERROGATORY NO. 1:  Identify all pop-up shops You have operated and/or plan to operate in Colorado, including for each such pop-up event: (1) its date(s) and location; (2) any advertising or marketing promoting the event, including social media posts; (3) all contracts and/or agreements entered into with any place of public accommodation where the pop-up was located; and (4) how individuals were permitted to attend such event (e.g., through ticket, attendance at host event, etc.).

INTERROGATORY NO. 2:  As to Your deadnaming or misgendering of transgender individuals, identify all instances in which (1) You deadnamed or misgendered an individual, including how you determined that such person has a gender identity or gender expression that you believe does not comport with their biological sex at birth; or (2) any person complained about Your misgendering and/or deadnaming of transgender individuals. For each instance identified in response to this Interrogatory, further identify the relationship of the individual or person to You, including whether they were a customer or potential customer of Your goods or services, and/or whether they purchased goods after being deadnamed and/or misgendered.

INTERROGATORY NO. 3: Identify all of Your public and media appearances and written articles, and state for each such instance: (1) its date(s) and location; (2)

Defendants' Exhibit A

any advertising, marketing, or promoting the appearance or article, including social media posts; (3) all contracts and/or agreements entered into with any place of public accommodation where an appearance occurred; and (4) whether such appearance was open to the public, and if so, how individuals were permitted to attend such appearance.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:  One copy of all advertising and/or marketing materials You have published since 2024.

REQUEST FOR PRODUCTION NO. 2:  All documents identified, referenced, or relied upon in responding to the interrogatories.

RESPECTFULLY SUBMITTED this __th day of _____, 2025.

    PHILIP J. WEISER

    Attorney General

    For Defendants Aubrey C. Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly and Eric Artis:

    *s/ Janna K. Fischer*
    Nora Q.E. Passamaneck
    Senior Assistant Attorney General
    Helen Norton
    Deputy Solicitor General
    Janna K. Fischer
    Senior Assistant Attorney General
    Dominick D. Schumacher
    Assistant Attorney General
    1300 Broadway, 10th Floor

**Defendants' Exhibit A**

Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032

**Defendants' Exhibit A**