## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DEFENDING EDUCATION, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-01572-RMR-MDB |
| AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, | |
| *Defendants*. | |
| COMMITTEE OF FIVE, INC., | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-01668-RMR-MDB |
| AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, | |
| *Defendants*. | |
| DOXA ENTERPRISES, LTD., | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-02177-RMR-MDB |
| AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, | |
| *Defendants*. | |

1

## JOINT STATUS REPORT

Pursuant to this Court's October 1, 2025 order, *see* 1:25-cv-01572 Dkt. 71 at 2, the parties in *Defending Education v. Sullivan*, No. 1:25-cv-01572, *Committee of Five v. Sullivan*, No. 1:25-cv-01668, and *Doxa Enterprises v. Sullivan*, No. 1:25-cv-02177, submit the following joint status report:

1.  Plaintiffs in all three cases allege that Colorado law, as amended by House Bill 25-1312, violates their rights under the First and Fourteenth Amendments to the U.S. Constitution. Plaintiffs in *Defending Education v. Sullivan* filed their complaint on May 19, 2025. Plaintiff in *Committee of Five v. Sullivan* filed its complaint on May 27, 2025. Plaintiff in *Doxa Enterprises v. Sullivan* filed its complaint on July 16, 2025. Plaintiffs in each case filed a motion seeking a preliminary injunction to enjoin Defendants from enforcing the challenged laws. *See* 1:25-cv-01572 Dkt. 27; 1:25-cv-01668 Dkt. 15; 1:25-cv-02177 Dkt. 4.

2.  Defendants oppose the preliminary injunction in all three cases. Defendants have filed an opposition to the preliminary injunction in *Committee of Five v. Sullivan*, 1:25-cv-01668 Dkt. 46, and in *Defending Education v. Sullivan*, 1:25-cv-01572 Dkts. 66 and 69. The Colorado Civil Rights Division and Civil Rights Commission Defendants and the Attorney General also filed motions to dismiss under Rule 12(b)(1) in *Committee of Five v. Sullivan*, 1:25-cv-01668 Dkts. 44 and 45, and *Defending Education v. Sullivan*, 1:25-cv-01572 Dkts. 64 and 68. Defendants have not yet filed motions in *Doxa Enterprises v. Sullivan* but intend to after discovery has completed.

2

3.      Discovery and briefing subsequently proceeded along a different schedule in each case. Each schedule was negotiated or litigated separately by the parties in that case. On July 15, 2025, the Court adopted the parties' proposed schedule in *Defending Education v. Sullivan*. 1:25-cv-01572 Dkt. 45. On August 26, 2025, the Court adopted the parties' proposed schedule in *Doxa Enterprises v. Sullivan*. 1:25-cv-02177 Dkt. 24. And on September 2, 2025, the Court granted Defendants' motion for expedited and jurisdictional discovery and set a schedule in *Committee of Five v. Sullivan*. 1:25-cv-01668 Dkt. 58.

4.      On October 1, 2025, the Court held a status conference "to discuss the current posture of each case" and "the efficiencies to be gained" by "consolidation or at minimum, coordination." 1:25-cv-01572 Dkt. 71 at 2. The Court directed the parties to confer and submit a proposal to the Court. *Id.* The Court indicated that it would prefer to "get all three cases on a similar track, preferably similar to the *Doxa* matter." *Id.*

5.      Counsel for the parties have engaged in a robust conferral process regarding potential ways to coordinate and streamline discovery, briefing, and scheduling across the different cases. Counsel exchanged proposals and engaged in a meet & confer on October 13, 2025. Plaintiffs oppose consolidation. Defendants believe consolidation would be appropriate but have agreed to the proposed schedule below in the interests of compromise.

6.      Following additional negotiation, the parties have agreed on a compromise proposal, outlined below. The proposed schedule synchronizes discovery and briefing deadlines across all three cases—on a timeline "similar to the *Doxa* matter," 1:25-cv-

3

01572 Dkt. 71 at 2—and allows for efficient resolution of the preliminary-injunction and 12(b)(1) motions while minimizing delay and preserving the parties' ability to present distinct arguments in support of their respective motions.

7. In light of the proposed scheduling agreement, the parties believe consolidation is not currently necessary. *See, e.g.*, *Nicholson v. United States*, 174 Fed. Cl. 664, 669 (2025) ("formal consolidation" unnecessary when "the Court established a synchronized schedule for the cases, allowing parties to file documents under both case names to streamline proceedings"). The parties are open to revisiting the possibility of consolidation after resolution of the preliminary-injunction and 12(b)(1) motions. *See, e.g.*, *Factory Mut. Ins. Co. v. Henning Companies, LLC,* No. 8:22CV432, 2025 WL 2804520, at *1 (D. Neb. Oct. 2, 2025) (ordering cases consolidated for trial).

8. Should the Court agree with the proposed schedule below, the parties respectfully request that the Court adopt the proposed schedule and vacate the conference currently scheduled for October 20, 2025.

9. Accordingly, the parties request that the Court vacate any previously entered scheduling orders and adopt the following schedule:

| By Nov. 7 2025 | CCRD and Commission Defendants may conduct a 30(b)(6) deposition of XX-XY Athletics limited to the topics previously agreed upon by the parties and limited to three hours. |
|---|---|
| By Nov. 21, 2025 | Defendants shall file oppositions to Plaintiffs' pending preliminary-injunction motions and Fed. R. Civ. P. 12(b)(1) motions to dismiss. Defendants have leave to file the same opposition and motion in all three cases but reserve the right to file separate oppositions and motions. If Defendants elect to file a consolidated opposition and motion, Plaintiffs will agree to expanded word limits commensurate with the combined words in Plaintiffs' previously filed motions. |

4

| | |
|---|---|
| By Nov. 26, 2025 | Plaintiffs may serve written discovery, if any, on CCRD and Commission Defendants. The *Defending Education* plaintiffs are limited to two interrogatories and three document requests absent further leave of Court. The *Committee of Five* plaintiff has already served and received responses to the agreed-upon discovery and reserves the right to confer and file motions regarding any deficiencies. The *Doxa* plaintiff is limited to four interrogatories and two requests for production. If Plaintiffs believe more discovery is needed after reviewing Defendants' filings, and if an agreement cannot be reached among the parties, Plaintiffs may seek leave from the Court. CCRD and Commission Defendants reserve the right to object to the substance of the requests. |
| By Dec. 23, 2025 | Defendants will complete responses to Plaintiffs' written discovery requests, if any are served. |
| Jan. 6-21, 2026 | Plaintiffs may conduct a consolidated 30(b)(6) deposition of the CCRD or CCRC, limited to one day of seven hours. Plaintiffs may also conduct a consolidated deposition of each of Defendants' non-CCRD declarants, to last no more than one day of seven hours each. |
| By Feb. 11, 2026 | The *Defending Education* plaintiffs, the *Committee of Five* plaintiff, and the *Doxa* plaintiff will each file a reply in support of their preliminary-injunction motion and an opposition to Defendants' 12(b)(1) motion to dismiss, if one is filed. |
| By. Feb. 25, 2026 | Defendants will file a reply or replies in support of their 12(b)(1) motion(s). Again, Defendants have leave to file the same brief in all three cases, and if Defendants choose to do so, Plaintiffs will agree to expanded word limits. |

October 15, 2025

Philip J. Weiser
Attorney General

s/ Nora Q.E. Passamaneck
Nora Q.E. Passamaneck
Senior Assistant Attorney General
Helen Norton
Deputy Solicitor General
Janna K. Fischer
Senior Assistant Attorney General
Dominick D. Schumacher
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032

*Counsel for Defendants Aubrey C. Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly and Eric Artis*

s/ Lane Towery
Talia Kraemer*
Senior Assistant Attorney General
Lane Towery*
Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203
Telephone: (720) 508-6000
talia.kraemer@coag.gov
lane.towery@coag.gov
*Counsel of Record

*Counsel for the Attorney General in his official capacity*

Respectfully submitted,

/s/ J. Michael Connolly
J. Michael Connolly
Cameron T. Norris
Paul R. Draper
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
paul@consovoymccarthy.com

*Counsel for Defending Education Plaintiffs*

/s/ Henry W. Frampton, IV
Henry W. Frampton, IV (S.C. Bar No. 75314)
Jonathan A. Scruggs (Ariz. Bar No. 030505)
Mercer Martin (Ariz. Bar No. 038138)
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
(480) 444-0028 (facsimile)
jscruggs@ADFlegal.org
hframpton@ADFlegal.org
mmartin@ADFlegal.org

*Counsel for Plaintiffs Committee of Five, Inc. and Doxa Enterprise, LTD*

Katherine C. Yarger (Co. Bar. No. 40387)
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
(512) 693-8350
(512) 727-4755 (facsimile)
katie@lkcfirm.com

Mary Elizabeth Miller (DC Bar No. 252694)
Shannon G. Denmark (DC Bar No. 1617283)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700

6

Washington, DC 20001
(512) 693-8350
(512) 727-4755 (facsimile)
mary@lkcfirm.com
shannon@lkcfirm.com

Andrew B. Davis (Tex. Bar No. 24082898)
Joshua P. Morrow (Tex. Bar No. 24106345)
Alexis Swartz (Tex. Bar. No. 24122045)
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
(512) 727-4755 (facsimile)
andrew@lkcfirm.com
josh@lkcfirm.com
alexis@lkcfirm.com

*Counsel for Plaintiff Committee of Five, Inc.*

7