# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DEFENDING EDUCATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-01572-RMR-MDB |
| COMMITTEE OF FIVE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-01668-RMR-MDB |
| DOXA ENTERPRISES, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> AUBREY C. SULLIVAN, in her official capacity as the Director of the Colorado Civil Rights Division, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-02177-RMR-MDB |

## DIVISION AND COMMISSION DEFENDANTS' OPPOSED MOTION TO RESTRICT ACCESS

1

Pursuant to Federal Rule of Civil Procedure 5.2, Local Civil Rule 7.2, and the parties' stipulated protective orders, Division and Commission Defendants move to maintain the following documents as Level 1 Restricted Documents: Sealed Appendix to Plaintiffs' Replies in Support of their Motions for Preliminary Injunction and Responses in Opposition to Defendants' Motions to Dismiss ("Sealed Appendix"), filed in *Defending Education v. Sullivan*, No. 1:25-cv-01572-RMR-MDB as Dkt. 99; *Committee of Five v. Sullivan*, No. 1:25-cv-01668-RMR-MDB as Dkt. 85; and *Doxa Enterprises v. Sullivan* No. 1:25-cv-02177-RMR-MDB as Dkt. 47.

**Certificate of Conferral**: All Plaintiffs oppose the motion.

## ARGUMENT

The Sealed Appendix filed by Plaintiffs includes charges of discrimination filed by third parties with the Colorado Civil Rights Division (the "Division"), letters of determination ("LODs") issued by the Division, and a chart created for purposes of discovery in these actions that describes details of third-party cases involving allegations of deadnaming and misgendering. Division and Commission Defendants have compelling reasons to maintain these documents as Level 1 restricted because they describe specific details of allegations of discrimination made against employers and places of public accommodations in Colorado, including describing sensitive events and from which third parties could potentially be identified, and because third parties provided information contained in these documents under an assurance of confidentiality as provided by Colorado law.

2

Specifically, the Colorado Anti-discrimination Act ("CADA") provides that the Division and Commission may not "disclose the filing of a charge, the information gathered during the investigation, or the efforts to eliminate such discriminatory or unfair practice by conference, conciliation, and persuasion" except in narrow circumstances such as where the Commission seeks injunctive relief against a respondent at a public hearing or where all parties to a charge of discrimination consent to the release. C.R.S. § 24-34-306(3). Public disclosures are generally limited to "final action on a charge, including the reasons for dismissing such charge, the terms of a conciliation agreement, or the contents of an order issued after hearing." *Id*. Thus, under Colorado law, a complainant may file charges without fear that their personal information or the content of their allegations will be made public unless and until there is a final action. In other words, charges and investigations that are dismissed and/or resolved without a public hearing are kept confidential pursuant to Colorado law.

CADA's provisions maintaining confidentiality of these documents "provide compelling reasons to grant a motion to seal in a related case brought in federal court." *Ingram v. Mouser*, 2023 WL 5017011, *2 (D. Id. Aug. 7, 2023) (internal citations omitted); *see also Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 405 (D. Me. 2001) (sealing document derived from child protective proceedings). Moreover, these documents contain sensitive information of third parties that they did not agree to be made public, and which courts have sealed for this very reason. *See, e.g.*, *Huddleson v. City of*

3

*Pueblo, Colo.*, 270 F.R.D. 635, 638 (D. Colo. 2010) (in case involving allegations of gender-based discrimination and retaliation, permitting sealing of summary judgment brief that discussed confidential information of third parties as "necessary to protect the[ir] privacy and trust"); *E.E.O.C. v. Outback Steakhouse of FL, Inc.*, 251 F.R.D. 603, 613 (D. Colo. 2008) (determining that sexual harassment complaints that "allege events of a sensitive and possibly embarrassing nature" and that identify third parties as employees should be filed under seal or redaction).

Sealing as opposed to redaction is appropriate in these circumstances given the detailed descriptions of parties and/or interactions that might be used to identify third parties. Determining what information is identifying and/or sensitive is a difficult line, and redaction would leave little substance of the documents remaining. The best solution which serves the compelling privacy interests of the Division, Commission, and the third parties is to keep the documents as Level 1 restricted.

In opposition, Plaintiffs argue that sealing is improper because the protective orders in *Committee of Five, Inc.* No. 25-cv-01668-RMR-MDB (ECF No. 75) and *Doxa Enterprises, Ltd*, No. 25-cv-02177-RMR-MDB (ECF No. 39) ("Protective Orders") provide that "it shall be sufficient for the filing party to redact any personal identifiers for any witness, as well as any references that identify complainants, respondents, or witnesses in any investigation conducted by the Division." (Protective Orders at ¶ 37). In making this argument, Plaintiffs ignore both that (1) Plaintiffs, as "the filing party" were

4

required to suggest redactions; and (2) redaction must include "any references" that could identify a complainant, respondent, or witness in an investigation. Plaintiffs did not propose redaction of "any references," and the reason is simple enough – determining what references might identify parties is nearly impossible given the detail in these documents. Indeed, while Division and Commission Defendants produced these documents to Plaintiffs with redactions of explicit identifying information – i.e., party names, case numbers, and physical locations – Defendants marked them confidential pursuant to the protective orders. This confidentiality is appropriate given the sensitive and personally identifying information reflected in the details of the allegations in these papers.

## CONCLUSION

Because Division and Commission Defendants have identified compelling interests in maintaining the documents in the Sealed Appendix filed in all three cases as Level 1 Restricted Documents, they respectfully request that the Court grant the motion and maintain the documents under Level 1 restriction.

Dated this 25th day of February, 2026.

PHILIP J. WEISER
Attorney General

For Defendants Aubrey C. Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly and Eric Artis:


*s/ Janna K. Fischer*
Nora Q.E. Passamaneck

5

Senior Assistant Attorney General
Helen Norton
Deputy Solicitor General
Janna K. Fischer
Senior Assistant Attorney General
Dominick D. Schumacher
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6000
FAX: (720) 508-6032

6