**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01668-RMR-MDB

COMMITTEE OF FIVE, INC.,

    *Plaintiff*,

vs.

AUBREY C. SULLIVAN, Director of the Colorado Civil Rights Division, in
her official capacity;
SERGIO RAUDEL CORDOVA, GETA ASFAW, MAYUKO FIEWEGER,
DANIEL S. WARD, JADE ROSE KELLY, and
ERIC ARTIS, as members of the Colorado Civil Rights Commission, in
their official capacities; and
PHIL WEISER, Colorado Attorney General, in his official capacity;

    *Defendants*.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL
AUTHORITY**

---

The Supreme Court's recent decision in *National Republican Senatorial Committee v. Federal Election Commission*, 609 U.S. __, 2026 WL 1868932 (June 30, 2026) ("*NRSC*"), does not support Plaintiff's standing. Plaintiff's Notice of Supplemental Authority asserts that in *NRSC*, there was a "complete and clear disavowal from the federal enforcement authorities," but the possibility of private suits if the government defendants failed to act created "a 'sufficiently credible' threat of enforcement" to prevent the suit from becoming moot. Notice at 1. Plaintiff misunderstands *NRSC*.

First, while intervenors in *NRSC* argued that the case was moot because the government defendants would no longer enforce the legal provisions challenged as unconstitutional, the government defendants flatly disputed that assertion. They clarified

in briefing that the Executive Branch had decided not to defend the challenged law in court, "not that it will stop enforcing the statute." Reply Brief for Federal Respondents at 5, *National Republican Senatorial Committee v. Federal Election Commission* 609 U.S. __, 2026 WL 1868932 (June 30, 2026) (No. 24-621). Thus, in *NRSC*, there was no evidence that the government defendants would not enforce the statute against the plaintiffs for their conduct. By contrast, here, there is no such credible threat of enforcement by Defendants. *See* Resp. to R&R at 5-7 (Doc. 119).

Second, while *NRSC* pointed to the availability of private suits if the government defendants failed to act as supporting the continued existence of a live controversy, Plaintiff overreads the Supreme Court's terse discussion. In *NRSC*, the Supreme Court concluded that "the threat of private enforcement [wa]s sufficiently credible" that there was an ongoing justiciable dispute. Though it did not identify the evidence supporting its finding, the Supreme Court did not hold that the mere availability of private enforcement in the statute created Article III jurisdiction. And unlike in *NRSC*, where intervenors bore the burden of proving mootness, *West Virginia v. EPA*, 597 U.S. 697, 719 (2022), Plaintiff here must establish standing, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).

Third, Plaintiff's proposed legal rule—that the threat of private enforcement actions suffices for pre-enforcement standing against government entity defendants— would run headlong into other binding precedent. The Supreme Court made clear in *Whole Woman's Health v. Jackson* that a plaintiff cannot rely on the threat of private suits under a challenged law to establish a case or controversy against a government defendant that would not independently enforce that law against the plaintiff. *See* 595

2

U.S. 30, 38-45 (2021). Moreover, even if Plaintiff could rely on the threat of private suits to establish an injury in fact, any such injury would simply not be traceable to Defendants and thus could not establish standing for Plaintiff's claims against them.[1] *NRSC*—a case about mootness—did not address traceability at all.

      Respectfully submitted this 22nd day of July 2026,

PHILIP J. WEISER
Attorney General

*For Defendants Aubrey C. Sullivan, Sergio Cordova, Geta Asfaw, Mayuko Fieweger, Daniel S. Ward, Jade R. Kelly and Eric Artis:*

*s/ Nora Q.E. Passamaneck*
Nora Q.E. Passamaneck
Senior Assistant Attorney General
Helen Norton
Deputy Solicitor General
Janna K. Fischer
Senior Assistant Attorney General
Dominick D. Schumacher
Assistant Attorney General
1300 Broadway, 10th Floor, Denver, CO 80203
Telephone: (720) 508-6000
Nora.Passamaneck@coag.gov
Helen.Norton@coag.gov
Janna.Fischer@coag.gov
Dominick.Schumacher@coag.gov

---

[1] Further, as discussed in Defendants' motions to dismiss, Plaintiff also cannot establish pre-enforcement standing because they have not alleged an intent to engage in conduct arguably proscribed by CADA. Doc. 70 at 27-28. Plaintiff must establish *both* an intent to engage in conduct that is arguably proscribed *and* a credible threat of enforcement for pre-enforcement standing. *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022).

*For Defendant the Attorney General in his official capacity:*

s/ *Talia Kraemer*

Talia Kraemer
Senior Assistant Attorney General
Lane Towery
Assistant Attorney General
1300 Broadway. 10th Floor, Denver, CO 80203
Telephone:  (720) 508-6000
talia.kraemer@coag.gov
lane.towery@coag.gov

4